**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **H.B.** (by his next friend Felicia Burk), *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | No. 3:11-cv-00663 |
| | ) | |
| **B.B.** (by her next friend Sadiatou Ashford), *et al.*, | ) | **JUDGE SHARP** |
| | ) | |
| | ) | |
| **Plaintiff-Interveners,** | ) | |
| v. | ) | |
| | ) | |
| **MARK EMKES**, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

In accordance with Fed. R. Civ. P. 65(b) and LR 65.02, Plaintiff Dowdy and Interveners Begley, Bell, Carr, and Swift ("Plaintiff and Interveners") filed a Motion for Temporary Restraining Order (Docket Entry No. 100), to which Defendants filed a response (Docket Entry No. 109). A hearing was held on August 5, 2011.

Under Federal Rule of Civil Procedure 65(b), the Court may grant a temporary restraining order if it clearly appears from specific facts shown by testimony, affidavits or a verified complaint that immediate and irreparable injury, loss or damage will result to the applicant. In deciding whether to grant a temporary restraining order, the Court must consider four factors: (1) whether the party seeking the order has a strong likelihood of prevailing on the merits of the case; (2) whether the moving party will suffer irreparable injury if the order is not entered; (3) the potential harm the order would cause others; and (4) the public interest. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

Following careful consideration of the filings with the Court by the parties, statements made by counsel in open court and the record as a whole, the Court hereby finds there is not sufficient evidence that these specific individuals are entitled to a temporary restraining order pending the ruling on *Plaintiffs' Motion for Preliminary Injunction* (Docket Entry No. 54). Plaintiff and Plaintiff-Interveners have not made a sufficient showing they will likely suffer immediate and irreparable injury, loss or damage pending the Court's ruling on September 9, 2011. Particularly, in light of Defendants' representation with regard to Dowdy and Begley that there will be no adjustment in their current level of service prior to this Court's ruling on the preliminary injunction. Additionally, with respect to Bell, Carr and Swift, although there may be harm related to the change in their level of service following implementation of their new ISPs, it is not necessarily irreparable such that a temporary restraining order is requisite.

It is hereby **ORDERED** that:

1. Plaintiff Dowdy and Interveners Begley, Bell, Carr, and Swift's Motion for Temporary Restraining Order is DENIED; and

2. The hearing for preliminary injunction shall remain set for September 1, 2011, beginning at 9:00 a.m. This hearing is expected to last two days.

It is so **ORDERED**.

ENTER this 5th day of August, 2011.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE